UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN TONY ROBERTSON,

    Applicant,

v.                                    CASE NO. 8:16-cv-100-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Robertson applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for one count of both sexual battery and lewd and lascivious molestation, for which he is imprisoned for consecutive sentences of thirty years' imprisonment and fifteen years probation. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ." The preliminary review shows that the application is untimely. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses

discretion to *sua sponte* raise the issue of the timeliness of a Section 2254 application for habeas corpus).

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Robertson recognizes that his application is untimely based on when his conviction became final, which was in 2006. Robertson contends that *McQuiggin, Warden, v. Perkins*, 133 S. Ct. 1924 (2013), permits his application under the doctrine of actual innocence. Robertson argues that his discovery of the victim's initial report shows probable cause was lacking for the lewd and lascivious molestation charge. Proof of actual innocence may overcome the statute of limitation, as *Perkins*, 133 S. Ct. at 1928 (brackets original), explains:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House,* or, as in this case, expiration of the statute of limitations. We caution,

> however, that tenable actual-innocence gateway pleas are rare:
> "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S., at 329, 115 S. Ct. 851; see *House,* 547 U.S., at 538, 126 S. Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup,* 513 U.S., at 332, 115 S. Ct. 851.

Although Robertson may challenge his conviction if he can show that he is "actually innocent" of the offense, actual innocence is not a separate claim that challenges the conviction but a "gateway" through which a defendant may pass to assert a constitutional challenge to the conviction. Passing through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The gateway is narrow and opens "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Perkins*, 133 S. Ct. at 1936 (quoting *Schlup v. Delo* 513 U.S. 298, 316 (1995)). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Robertson shows no entitlement to the actual innocence exception to the limitation because under the terms of a plea agreement he pleaded guilty to the two charges in exchange for the dismissal of five additional charges of sexual misconduct. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea[1] waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. *See e.g., United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."); *McMann v. Richardson*, 397 U.S. 759, 766 (1970) (holding that a plea waives the right to trial and, therefore, waives the "right to contest the admissibility of any evidence the State might have offered against the defendant"). Consequently, the entry of a guilty plea waives a claim (other than a jurisdictional challenge),

---

[1] A conviction based on a plea of nolo contendere is reviewed the same as a conviction based on a guilty plea. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982).

including both a substantive claim and a purported failing of counsel that occurred before entry of the plea.

Robertson contends that the state lacked probable cause to support count six, the lewd and lascivious molestation charge. Instead of contesting the charge, Robertson chose to plead guilty as part of a plea agreement. Robertson's admission of guilt "constitute[s] a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Robertson's subsequent discovery of a document that he contends proves the lack of probable cause is insufficient to overcome his earlier admission and waiver of his right to contest the charge, as *Brady v. United States*, 397 U.S. 742, 757 (1970), explains:

> A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents . . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.

*See also North Carolina v. Alford*, 400 U.S. 25, 31 (1970) ("That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage.").

The application asserts two grounds for relief, both of which are based on his claim of actual innocence. As shown above, the grounds lack merit because Robertson waived his right to challenge count six. In conclusion the application is admittedly untimely, Robertson shows no entitlement to the actual innocence exception under *Perkins*, and the grounds lack merit.

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Robertson and close this case.

## DENIAL OF BOTH
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Robertson is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Robertson must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is both clearly time-barred and lacks merit, reasonable jurists would debate neither the merits of the claims nor the

procedural issues.  Consequently, Robertson is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Robertson must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on January 26, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE